# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:08-CR-00475-RP-2** |
| | § | |
| **JOSE AVILES (2)** | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release (the "Petition") (Dkt. 386). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### Procedural Background

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Dkt. 190. On May 29, 2009, Defendant was sentenced to 168 months imprisonment, to be followed by five years of supervised release. Dkts. 260, 272. The sentence of imprisonment was ordered to run consecutive to the 24-month revocation sentence imposed in No. 1:04-CR-00012 and subsequently reduced to 136 months, for a total term of imprisonment of 159 months.

Defendant's term of supervised release began on September 23, 2020, and he was removed from the United States to Mexico on October 9, 2020. In the Petition, filed October 4, 2023, the Probation Officer alleges that Defendant violated the following conditions of supervised release:

> **Special Condition No. 1:** If the defendant is excluded, deported or removed upon release from imprisonment, the term of supervised release shall be non-reporting supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.
>
> **Violation of Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance:** On November 13, 2020, United States Border Patrol Agents encountered Defendant near Mission, Texas. At the time of his arrest, Defendant was in the United States illegally and had not received the permission of the United States Attorney General or the Secretary of Homeland Security to re-enter the United States. On November 14, 2020, a Criminal Complaint was filed in the McAllen Division of the Southern District of Texas charging the defendant with Illegal Re-entry into the United States, No. 7:20-mj-02508-001. On November 19, 2020, the Court dismissed the charge without prejudice, citing medical and health concerns, and it is believed Defendant was released to the community due to the COVID-19 pandemic.

Defendant did not report to a United States Probation Office on his reentry into the United States or his release from custody. His arrest was brought to the attention of the Probation Office after he was arrested in Austin, Texas on September 22, 2023, on an outstanding Assault Causes Bodily Injury Family Violence bond forfeiture warrant under Travis County Court Docket No. C-1-CR-08-217077, which was issued on April 6, 2009 and remains pending. Defendant was transferred to federal custody on October 16, 2023.

Defendant waived a preliminary hearing. On October 30, 2023, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge.

The Government orally dismissed the alleged violation of Mandatory Condition No. 1, and Defendant pled "True" to the violation of Special Condition No. 1 alleged in the Petition.

### Findings of the Court

1. Defendant violated Special Condition No. 1 of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violation of Special Condition No. 1 of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Special Condition No. 1 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## Factors Considered

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

## Recommendations

The Court has carefully considered all of the arguments of counsel, Defendant's statements, and the evidence presented by the parties, and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is IV, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment.

In considering the required factors, the Court finds most compelling the need to afford adequate deterrence to supervised release noncompliance and Defendant's history and characteristics, including his history of illegal reentry.

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

For these reasons, this Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED** and that he be sentenced to **six (6) months incarceration, with credit for time served, followed by eighteen (18) months of supervised release** on all conditions previously imposed by the Court.

## Warnings

Having been orally advised of these Findings and Recommendations, the parties have waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days. The matter is ripe so that the District Court may act on this Report and Recommendation immediately.

**SIGNED** on October 30, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE